IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTOPHER J. WINDSOR,

    Plaintiff,

v.                                                                                  CASE NO.5:13-cv-38-RS-CJK

CHRIS EAVES, et al.,

    Defendants,

_____/

## ORDER

The relief requested in Defendants' Eaves, Jones, and Shavers's Motion to Strike (Doc. 45) is **DENIED**. According to the Scheduling and Mediation Order, Rule 26(a)(2) expert disclosures were due June 14, 2013. Plaintiff disclosed expert Roger Clark on February 14, 2014. The discovery deadline and trial date have been extended twice to February 28, 2014, and May 12, 2014, respectively. Plaintiff admittedly and mistakenly believed that the deadline to disclose expert reports was also extended to the discovery deadline, which is why he did not move to extend the deadline. He learned of his mistake after disclosing his expert.

A motion to strike is a drastic remedy, which is disfavored by the courts. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). It is well established that motions to strike are usually denied unless the allegation has "no possible relation to the controversy and may cause prejudice

to one of the parties." *Falzarano v. Retail Brand Alliance, Inc*, No. 07-81069-CIV, 2008 WL 899257 *1 (S.D. Fla. Mar. 31, 2008) (*citing Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Hutchings v. Federal Ins. Co.*, 2008 WL 4186994 *2 (M.D. Fla. 2008). Although missing case management deadlines is also disfavored by the courts, when there is no prejudicial affect to one of the parties, the evidence should be allowed to decide the case on the merits.

Because of the extensions of the discovery deadline, the expert disclosure deadline was eight months before the parties finished deposing witnesses. Given that there is ample time before the trial to depose the expert and find a rebuttal expert and take his deposition, if necessary, it would not be unjust or prejudicial to allow Roger Clark as an expert. *See Ellison v. Windt*, 2001 WL 118617, (M.D.Fla. Jan.24, 2001) (finding that a defendant's belated disclosure of an expert report was harmless, provided that the plaintiffs were given an opportunity to depose the expert before trial); s*ee also National Distillers and Chemical Corp. v. Brad's Mach. Prods., Inc*., 666 F.2d 492 (11th Cir. 1982)(finding no abuse of discretion in allowing expert to testify to opinions disclosed three weeks prior to trial); *Davis v. Duplantis*, 448 F.2d 918 (5th Cir. 1971) (no abuse of discretion in allowing expert to testify when counsel had the witness' report eight days before trial and had an opportunity to depose the witness).

The Parties may depose Roger Clark, retain a rebuttal witness, and depose that rebuttal witness not later than April 30, 2014.

**ORDERED** on March 21, 2014.

                                            **/s/ Richard Smoak**
                                            **RICHARD SMOAK**
                                            **UNITED STATES DISTRICT JUDGE**